IN THE UNITED STATES DISTRICT COURT

FOR THE __Northern__ DISTRICT OF __Alabama__

UNITED STATES OF AMERICA

v.                                    Criminal Case No. _____

__Cadrious D. Betts__ (Defendant)

MOTION FOR CLARIFICATION OF SENTENCE CONCERNING FIRST STEP ACT TIME CREDITS

---

__CADRIOUS BATTS__ (Name) __31735-001__ (Fed. I.D.#), acting pro se, petitions this court to CLARIFY SENTENCE and grant equitable relief in a nature of a declaratory ruling GRANTING FSA Time Credits.

Petitioner was convicted of : (list convictions) __18:2113(a) and (d)__, and 18 U.S.C. 924(c). Petitioner is serving a sentence of __84__ months for the 924(c) conviction + __156__ months for the other convictions. The 924(c) conviction, by statute, is to run "consecutive".

See U.S. v GONZALES, 520 US 1, 137 L Ed 2d 132, 117 S. Ct. 1032 (1997)
DECISION: "Federal District Court held forbidden, under 18 USCS 924(c), to impose prison term under Section 924(c) to run concurrently with any other term of imprisonment, whether state or federal."

Under the First Step Act (FSA):

18 U.S.C. 523.41 (d) Eligible inmate -
(1) Eligible to earn FSA Time Credits. An inmate who is eligible to earn FSA Time Credits is an eligible inmate for the purposes of this subpart. Any inmate sentenced to a term of imprisonment pursuant to a conviction for a Federal offense, or any person in the custody of the Bureau, is eligible to earn FSA Time Credits, subject to the exception described in paragraph (d)(2) of this section.
(2) Exception. If the inmate is serving a term of imprisonment for an offense specified in 18 U.S.C. 3632(d)(4)(D), the inmate is not eligible to earn FSA Time Credits.

18 U.S.C. 3632(d)(4):
(D) Ineligible prisoners. A prisoner is ineligible to receive time credits under this paragraph if the prisoner is serving a sentence for a conviction under any of the following provisions of law:

(xxii) Section 924(c) [18 USCS 924(c)], relating to unlawful possession or use of a firearm during and in relation to any crime of violence or drug trafficking crime.

## ARGUMENT

The Bureau of Prisons (BOP) has repeatedly denied FSA Time credits AFTER the 924(c) "term" of imprisonment is served. The BOP relies on 18 USC 3584(c) which states,

> "Multiple terms of imprisonment ordered to run consecutively or concurrently shall be treated for administrative purposes as a single, aggregate term of imprisonment."

The BOP relies on GONZALES, which held "forbidden" 924(c) to run concurrently with any other term of imprisonment. 924(c) must be run consecutively. GONZALES supports Defendant's argument, not the BOP's. The BOP is running 924(c) concurrently for administrative purposes. They are "forbidden" to do so.

The Supreme Court's decision in LOPER BRIGHT ENTERPRISES, et al., v RAIMONDO, No. 22-451 (Decided June 28, 2024) directs courts to:
> "decide legal questions by applying their own judgement" and therefore "make clear that agency interpretations of statutes like agency interpretations of the Constitution are not entitled to [Chevron] deference. Under APA, it remains the responsibility of the court to decide whether the law means what the agency says."

The FSA has been interpreted by the BOP leading to prisoners being denied Time Credits that Congress intended.

## CONCLUSION

After serving __72__ months, the "term of imprisonment" for the 924(c) conviction has been served. This includes the 15% "good time". As of __3/13/22__ (date), Petitioner is eligible for FSA Time Credits for his consecutively run convictions.

Petitioner asks this court to CLARIFY SENTENCE and GRANT equitable relief in a nature of a Declaratory Ruling: ORDERING the BOP to GRANT FSA Time Credits for time served after the term for the 924(c) conviction.

Submitted this __June__ day of __2__ ~~2024~~ 2025

_____ (signature)

__Cacirious Batts__ (name) __31735-001__ (Fed ID #)

FCI-Memphis
P.O. Box 34550
Memphis, TN 38184-0550

RECEIVED
2025 JUL -8 P 1:59
U.S. DISTRICT COURT
M.D. OF ALABAMA

UNITED STATES OF AMERICA,          Criminal Case No:
Respondent

v.

Cadrious D. Batts,
Petitioner

RECEIVED
MAY 21 2025
Wendy R Oliver, Clerk
U.S. District Court
W.D. OF TN, Memphis

MOTION FOR CLARIFICATION OF SENTENCE CONCERNING FSA TIME CREDITS
THIS COURT HAS JURISDICTION: 28 USC 2241

NOW COMES, defendant, Cadrious Batts, acting pro se; petitions this court to CLARIFY SENTENCE and grant equitable relief in a nature of a declaratory ruling GRANTING FSA Time Credits. Petitioner was convicted of: 924(c)(2)(A); 18; 2113(A) and (C)

and 18 U.S.C. 924(c). Petitioner is serving a sentence of 84 months for the 924(c) conviction and 156 months for the other convictions. The 924(c) conviction, by statue, is to run "consecutive."

See U.S. v. GONZALES, 520 US 1, 137 L Ed 2d 132, 117 S.Ct. 1032 (1997) DECISION: "Federal District Court held forbidden, under 18 USC 924(c), to impose prison term under section 924(c) to run concurrently with any term of imprisonment, whether state or federal."

Under the First Step Act ("FSA"):

18 U.S.C. 523.41 (d) Eligible inmate
(1) Eligible to earn FSA Time Credits. An inmate who is eligible to earn FSA Time Credits is an eligible inmate for the purposes of this subpart. Any inmate sentenced to a term of imprisonment pursuant to a conviction for a federal offense, or any person in the custody of the Bureau, is eligible to earn FSA Time Credits, subject to the exception described in paragraph (d)(2) of this section.
(2) Exception. If the inmate is serving a term of imprisonment for an offense specified in 18 U.S.C. 3632 (d)(4)(D), the inmate is not eligible to earn FSA Time Credits.

18 U.S.C. 3632 (d)(4):
(D) Ineligible prisoners. A prisoner is ineligible to receive time credits under this paragraph if the prisoner is serving a sentence for a conviction under any of the following provisions of law:
(XXII) Section 924 (c) [18 USCS 924 (c)], relating to unlawful possession or use of a firearm during and in relation to any crime of violence or drug trafficking crime.

## ARGUMENT

The Bureau of Prisons ("BOP") has repeatedly denied FSA Time Credits [AFTER] the 924 (c) "term of imprisonment is served. The BOP relies on 18 USC 3584 (c) which states,

"Multiple terms of imprisonment ordered to run consecutively shall be treated for administrative purposes as a single, aggregate term of imprisonment."

The BOP relies on GONZALES, which held "forbidden" 924(c) to run concurrently with any other term of imprisonment. 924(c) [must] be run consecutively. GONZALES supports the defendant's argument, not the BOP's. The BOP is running 924(c) concurrently for administrative purposes. They are "forbidden" to do so by statue.

See, e.g., Carlisle v. US, 517 U.S. 416, 429, 116 S.Ct. 1460, 1467, 134 L.Ed. 2d 613 (1996), where a statue specifically addresses the particular issue at hand, it is that authority that provides a basis for relief.

The Supreme Court's decision in Loper Bright Enterprises v. Raimondo, No. 22-451 (Decided June 28, 2024), directs courts to: "decide legal questions by applying their own judgement" and therefore "make clear that agency interpretations of statues like agency interpretations of the Constitution are not entitled to [Chevron] deference. Under the APA it remains the responsibility of the court to decide whether the law means what the agency says."

In civil actions brought pursuant to the APA, we may set aside the agency's action under the APA only if it is arbitrary or capricious. Warshauer v. Solis, 577 F.3d 1330, 1335 (11th Cir. 2009); 5 U.S.C. 706(2)(A). On occasion federal courts have chosen to consider APA claims brought in support of a 2241 habeas petition. See, e.g., Arrington v. Daniels, 516 F.3d 1106, 1111-16 (9th Cir. 2008) (addressing prisoner's claim, brought in a 2241 petition, that the BOP violated the APA when it promulgated a rule that rendered the prisoners ineligible for the residential drug abuse treatment program); Mora-Meraz v. Thomas, 601 F.3d 933, 938-43 (9th Cir. 2010) (same); Bourke v. Hawk-Sawyer, 269 F.3d 1072, 1073-74, 348 U.S. App. D.C. 72 (D.C. Cir. 2001) (explaining that a writ of habeas corpus is the exclusive remedy for a residential drug abuse program claim.)

The BOP is applying 18 USC 3584(c) and 924(c) "arbitrary and capricious" relating to FSA. ("First Step Act").

The FSA has been interpreted by the BOP leading to prisoners being denied time credits that Congress intended.

## ~ CONCLUSION ~

After serving 72 months, the "term of imprisonment" for the 924(k) conviction has been served. This includes the 15% "good time". As of 3/13/22 (date), Petitioner is eligible for FSA time credits for his consecutively run convictions.